PRESCOTT & NORTHWESTERN RAILWAY COMPANY *v.* HENLEY.

Opinion delivered May 22, 1916.

1. MASTER AND SERVANT—INJURY TO SERVANT—JOINT NEGLIGENCE.—In an action against a master on account of an injury received by an employee, if the acts of negligence set up in the complaint are proved, and it is shown that the injury was the direct result of such acts, and that such acts were the sole cause of, or if they contributed or combined with other causes, to produce the injury, the defendant is liable, unless some negligent act on the part of the plaintiff concurred in or contributed to the injury.

2. MASTER AND SERVANT—INJURY TO SERVANT—NEGLIGENCE.—In an action for damages for personal injuries, an instruction that defendant would be liable if its negligent acts "contributed to cause" the injury. The words "contributed to cause" held to mean "caused the injury."

3. MASTER AND SERVANT—INJURY TO MINOR SERVANT.—ASSUMED RISK.— A minor servant, eleven years of age, inexperienced in the operation of machinery, will not be held to have assumed risks due to defective appliances, although the same would have been patent and obvious to an experienced adult.

4. PLEADING AND PRACTICE—PERSONAL INJURY ACTION—INEXPERIENCED SERVANT—ALLEGATIONS—TREATING COMPLAINT AS AMENDED AFTER JUDGMENT.—In an action by plaintiff, a minor, for damages for personal injuries, no allegation of his inexperience was made in the complaint, but, *held*, undisputed evidence as to the boy's age would supply these allegations, and the complaint, after judgment, will be treated as conformed to the proof.

Appeal from Pike Circuit Court; *Jefferson T. Cowling*, Judge; affirmed.

### STATEMENT BY THE COURT.

Appellee instituted this suit against the appellant, and alleged in his complaint that he was in the employ of appellant as a water carrier and errand boy for a section crew operating on appellant's road and was provided by appellant with a hand car as a means of transportation; that the place designated for him to stand was on the front of the hand car; that while so standing, and as the car was being run by the section crew, it was suddenly lurched with such force that appellee was thrown to the ground and run over and severely injured. He alleged that the hand car was unsafe in that it had a defective bull-wheel and an unsafe handlebar, which caused the car to jerk; that the servants of appellant propelled the car at an excessive speed and allowed the car to run over the appellee by failing to stop the same after appellee was thrown to the ground; that "all of these acts and causes combining and co-acting together produced a common result," towit, the injuries of which appellee complained.

The appellant answered, denying all the material allegations of the complaint and setting up the affirmative defenses of contributory negligence and assumption of risk.

The testimony on behalf of the appellee showed that he was in the employ of the appellant as errand boy and water carrier. He was eleven years of age at the time the injury occurred. He was directed by the foreman to go with some men on the hand car to Highland to get the dinner for the crew and to bring it back to where they were working. He got on the front of the hand car, where he usually rode. When they got nearly to the place where they were going, the car was on an upgrade, the lever pinched appellee's hand and he turned it loose; the car jerked and threw him off in the middle of the track and the car ran over him.

There was other testimony on behalf of the appellee, tending to show that on the hand car which was being used when appellee was hurt, one of the wheels of the car had two or three cogs broken out and when the wheel would get around to that place it would bump or spring. Also, one or both of the handlebars were loose enough to slip through if pulled sideways. The broken cogs would cause the car to give and jerk every time the wheel turned around. The car had been in that condition for a long time and the roadmaster knew of such condition.

Witnesses who accompanied appellee on the hand car testified that as they went up the hill the cogs on the car would slip in the bull-wheel and that caused the car to jump, which overbalanced the appellee and caused him to fall in front of the car; that the handlebar caught his hand and the cog slipped and threw him off.

On behalf of the appellant, the proof tended to show that the appellee stepped off of the hand car, made an awkward step which caused him to fall in front of the car.

The court, among other instructions, gave the following:

No. 1. "You are instructed that it was the duty of the defendant to use ordinary care to provide the plaintiff with reasonably safe instrumentalities or tools with which to perform the duties required of him and to use like degree of care to keep them in reasonably safe condition; and in this case, if you find from the preponderance of the evidence that the defendant failed to exercise such care, and that it negligently furnished a car which was defective in the particulars named in the complaint and that such defects either caused or contributed to cause the injuries complained of, then the defendant was guilty of negligence."

Appellant saved a general exception to the instruction, and also this special objection, "because it leaves out of consideration the question that the defendant knew of the defective condition of the car, or by the exercise of reasonable care should have known of it. It should also state that there is no presumption that they did know it, but on the contrary, the presumption is that they did not know of the defective condition."

The court also gave the following:

No. 5. "You are instructed that the plaintiff was a minor, and if you find that he was inexperienced and that by reason of his age and inexperience he did not know or appreciate the danger of his employment, if any, and that the defendant knew or ought to have known this in the exercise of ordinary care on its part, then it was the duty of the defendant to so instruct plaintiff as to latent and patent dangers, so that, as far as might be with proper care on his part, the plaintiff would be enabled to perform his duties in safety to himself; and if you find from a preponderance of the evidence that the defendant failed to discharge such duty and that by reason of such failure and the negligence of the defendant complained of, the plaintiff was injured, then you are instructed that the plaintiff did not assume the risk."

The court also gave instruction No. 7, which, in effect, told the jury that appellee was only required to use the

same care and caution expected of one of his age, experience and intelligence.

Appellant duly saved exceptions to the above instructions. Such other instructions and facts as may be necessary will be set forth in the opinion.

The jury returned a verdict in favor of the appellee for the sum of $8,000. Judgment was entered for that sum, and this appeal was duly taken.

*McRae & Tompkins* and *J. C. Pinnix,* for appellant.

1. The court erred in telling the jury that the appellant was liable if the defect in the car caused or contributed to cause the injury. The injury occurred before the passage of the Act March 8, 1911. The old law of negligence applied. 120 S. W. 78, 83, 87; 120 S. W. 96; 140 *Id.* 963; 111 *Id.* 1166, 1171; 87 Ark. 576; 55 *Id.* 510; 97 *Id.* 160; 101 *Id.* 376, 386; 61 *Id.* 381; 101 *Id.* 376.

2. The court erred in giving the 5th instruction, asked by appellee. 3 Labatt on Master & Servant, § 1155. The only duty to warn a minor is to apprise him of the danger. If he knows and appreciates the danger, no warning is necessary. 96 Ark. 461; 73 *Id.* 49; 29 L. R. A. (N. S.) 111, and note. There is no allegation of lack of experience nor failure to comprehend the danger, nor failure to warn. 97 Ark. 843. If instruction or warning was necessary, it should have been alleged.

*Langley & Steel* and *Steel, Lake & Head,* for appellee.

1. There was no error in the modification of instructions. 95 Ark. 297; 62 *Id.* 108; 90 *Id.* 326; 54 *Id.* 289; 58 *Id.* 217; 86 *Id.* 36; 71 *Id.* 445; 67 *Id.* 1; 79 *Id.* 20; 92 *Id.* 573; 88 *Id.* 29; 104 *Id.* 59; 186 Fed. 130; 69 *Id.* 823; 214 U. S. 249; 218 *Id.* 78. The case of 120 S. W. 78 does not apply. The rule is stated in the dissenting opinion of Judge Valliant in that case and seems to be the better rule and is sustained in Missouri. 79 S. W. 445; 92 *Id.* 481; 104 *Id.* 99; 120 *Id.* 96; 120 *Id.* 766; 91 *Id.* 527, etc.

2. The instructions are not misleading. Taken together they state the law. 105 Ark. 334; 95 *Id.* 291; 100

*Id.* 437; 98 *Id.* 211; 97 *Id.* 358; 101 *Id.* 548; 78 *Id.* 355, etc.   No specific objections were made, or request made for a specific instruction embodying appellant's theory. 74 Ark. 212; 92 *Id.* 6; 115 *Id.* 538, and many others.

3.   Defendant's negligence was established.   101 Ark. 376.   The modifications complained of were harmless.   103 Ark. 307; 91 *Id.* 310; 110 *Id.* 86.   Omissions and apparent conflicts in instructions are cured when read together with other instructions properly stating the law.   93 Ark. 564; 98 *Id.* 352; 75 *Id.* 261.   Proof of negligence was made without objection and the complaint, if necessary, will be treated as amended to conform to the proof. 118 Ark. 206; 113 Ark. 265.

4.   There is no error in appellee's 5th instruction as to latent dangers, etc.   83 Ark. 217; 75 *Id.* 261; 93 *Id.* 457; 92 *Id.* 6; 77 *Id.* 64; 102 *Id.* 140.   The instruction is in line with the principles announced in 97 Ark. 180; 90 *Id.* 407; 91 *Id.* 102.

5.   The jury had the right to consider plaintiff's age and the amount of his experience in testing the degree of care to which he should be held.   100 Ark. 437, etc.   The verdict is moderate; no prejudicial error is shown and the judgment should be affirmed.

WOOD, J., (after stating the facts).   The appellant contends that the court erred in telling the jury that if the hand car was defective in the particulars alleged and that these defects caused or contributed to cause the injury, the appellant was guilty of negligence.

Learned counsel for appellant insists that under the allegations of the pleadings and the evidence appellee's injury could only have been produced by the negligence of appellant as alleged in the complaint, or by the negligence of the appellee as set up in the answer, or by the negligence of the appellant and the concurring contributory negligence of the appellee; that the issues stated and the evidence showed that appellee's injury was produced either solely by the negligence of the appellant or by the negligence of the appellant, which, concurring with the

negligence of the appellee, caused the injury; that the instruction was misleading because there was no evidence of contributory negligence except that of the appellee; that there was no evidence to warrant a finding that appellant's negligence contributed to produce the injury in any other way than concurring or combining with the negligence of the appellee, in which case the appellant would not be liable.

When the charge of the court is considered as a whole, as it must be, the instruction is not fairly open to the criticism suggested by counsel. The jury are plainly told in instructions numbered 2 and 3, given at the instance of the appellee, that if plaintiff himself was guilty of contributory negligence, that is, if he failed in the exercise of ordinary care, and that the injury would not have occurred had he been without fault, then the appellant would not be liable. And in instructions numbered 3 and 4, given at the instance of the appellant, the jury were told that, even if they believed that the hand car was defective and such defect was the cause of the injury, or contributed to cause the same, defendant would not be liable if the jury found that the plaintiff was guilty of negligence which "contributed to cause" the injury; that if the plaintiff himself was guilty of negligence which "helped to cause" the injury, he could not recover.

The fifth instruction on the part of appellant told the jury that contributory negligence was an absolute defense, and that if the evidence on the part of the plaintiff or on the whole case showed that the plaintiff was himself negligent and that such negligence upon his part helped to cause the injury, he could not recover, no matter how negligent the defendant may have been.

Now, when these instructions are read together, it is obvious that the court used the words "contributed to cause" to define independent acts, on the part of the appellant alone, that would constitute actionable negligence on its part.

The words "contributed to cause," used in the instructions, had no reference whatever to the subject of contributory negligence, which is wholly a matter of defense. Acts of omission and commission, constituting the subject-matter of contributory negligence, are attributable alone to the plaintiff, and never to the defendant. Therefore, the court could not have used the words "contributed to cause" for the purpose of conveying to the jury the meaning that the defendant would be liable if its acts of negligence, combined with acts of negligence on the part of the plaintiff, caused or contributed to the injury. In this connection we approve of the language of Chief Justice Valliant, in his dissenting opinion in *Krehmeyer* v. *St. Louis Transit Co.,* 120 S. W. (Mo.) 78-95: "If the defendant's negligent act did directly contribute to cause the injury, then the injury would not have occurred without his negligent act, and the defendant is held liable, not because of the acts of others or of conditions for whose existence he is not responsible, but because of his own negligence. If defendant's own act contributed to the result by concurring with other acts or conditions, and the result would not have occurred but for his contribution, he is liable, no matter what other possible causes might have existed, provided, of course, that the negligence of plaintiff himself was not one of the causes."

(1)   The manifest purpose of the court by the use of the words "or contributed to cause" was to tell the jury that if the acts of negligence set up in the complaint were proved and that the injury was the direct result of such acts, that if such acts were the sole cause of, or if they contributed or combined with other causes to produce the injury, appellant would be liable. This is the law. See *Zei* v. *Brewing Co.,* 104 S. W. (Mo.) 99. For it is wholly immaterial whether there existed other causes and whether these causes were alleged in the complaint or proved by the evidence if the acts of negligence as alleged and proved did cause or contribute directly to produce

the injury complained of. In such case defendant would be liable unless some negligent act on the part of the appellee also concurred in and contributed to the injury.

(2) The appellant was not prejudiced and can not complain if there were other co-operating and concurring causes which were not alleged or proved. These would neither increase nor lessen appellant's liability. The words "or contributed to cause," in the connection used, are but synonymous with the word "cause." As was said in *Bragg* v. *Street Ry. Co.*, 91 S. W. (Mo.) 527: "In this class of cases, *contributing* to the injury on the part of a tort-feasor is, in the eye of the law, precisely the same as causing it. No gradation is tolerable."

Here, when the court told the jury that if the acts of negligence *contributed to cause* the injury, it was precisely the same, in legal effect, as saying if they "caused the injury." And the words "contributed to cause," to which strenuous objection is urged, really were surplusage and added no material significance to the word "caused" already used.

(3-4) We have examined instructions numbered 5 and 7, given on behalf of the appellee, to which objections have been urged, and, under the facts of this record, these instructions were correct. The appellee was a minor, eleven years of age, at the time the injury occurred, and, under the defense of assumed risk, instruction No. 5 was proper and a correct declaration of law. The alleged defects in the hand car and the dangers incident to operating the same with such defects, which would have been perfectly patent and obvious to an adult of experience, would not be so to an infant eleven years of age and without experience in the operation of such machinery. While there is no allegation of a lack of experience, nor of the necessity to warn on account of tender years of the employee, the undisputed evidence as to the boy's age supplies these allegations and the complaint, after judgment, will be taken to conform to the proof. Moreover, the defense of assumption of risk, set up in the answer, made the instruction proper.

The instructions, upon the whole, fairly presented the issues to the jury. There is no reversible error in the record, and the judgment must, therefore, be affirmed.