HALE & SCOTT *v.* LUSK ET AL., RECEIVERS ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY.

Opinion delivered March 26, 1917.

1. APPEAL AND ERROR—AMENDMENT TO INSTRUCTION—INJURY AT RAILWAY CROSSING.—In an action for damages growing out of personal injuries, the court gave an instruction on its own motion. Appellant requested the addition of a certain clause thereto, which the court added with the remark that the clause "may be added to the instruction given." *Held,* the effect of the appellant's request and of the court's ruling granting the same was to embody the language of the clause requested in the instruction given by the court.

2. RAILROADS—INJURY TO TEAM AT CROSSING—FAILURE TO SOUND WARNING.—An instruction which declared that if there was a failure to give the warning signal as required by the statute, that as a matter of law the appellee railway company was liable, without submitting the issue of whether such failure contributed to or caused the injury, is not subject to objection on appeal by the appellant who was plaintiff below.

Appeal from Mississippi Circuit Court, Osceola District; *W. J. Driver,* Judge; affirmed.

*J. T. Coston,* for appellants.

The court erred in giving instructions 3, 4 and 5 of its own motion and in refusing plaintiff's request

for No. 3.    Kirby's Digest, § 6595; 94 Ark. 270; 99 *Id.* 377; 76 *Id.* 224; 74 *Id.* 585; 185 *Id.* 118.

*W. F. Evans* and *W. J. Orr*, for appellee. *Lamb & Rhodes*, of counsel.

1. There is no error in the instructions.    84 Ark. 275.

2. The jury believed the proper signals were given.    The evidence sustains the verdict.

WOOD, J.    The appellants instituted this suit against the appellees to recover damages to a wagon and team caused by a collision with a train of the railroad company at a public crossing south of Luxora, January 10, 1916. The pleadings are not abstracted, but appellants concede that the evidence was sufficient to sustain the finding in favor of the appellees on the facts. Appellants contend, however, that there was also evidence that would have warranted the jury in returning a verdict in their favor, and they insist that the court erred in granting and refusing prayers for instructions.

We gather from the evidence set forth in appellant's abstract and the instructions given by the court that the negligence upon which the appellants predicated their cause of action was the alleged negligence of the employees of appellants in failing to keep a lookout as required by the statute and in failing to give the warning required by the statute on approaching public crossings.

Among other instructions, the court gave the following: "Under the record here, gentlemen, as made up from the evidence in this case, your verdict should be for the plaintiff unless you find that at the time of the alleged injuries and damages, the employees in charge of the train which struck these mules and wagon, killing one mule, injuring another one, and demolishing the wagon, were at the time keeping an efficient lookout, as required by the laws of this State, and that after discovering the property in a dangerous position at or

near the track the employee in charge of the engine exercised every means at his command consistent with his own and the safety of the other employees upon the train to avoid the injury to the property and was unable to do so. If you so find, your verdict should be for the defendants, unless you further find, gentlemen of the jury, that just before the injury complained of here the employees in charge of the train had failed to comply with a certain statute of this State, which requires all railroad companies to give warning at a distance of eighty rods from public crossings, such warning to be either by ringing the bell or sounding the whistle. *That it was not only the duty of the employees of the railway train to sound the whistle the distance—or ring the bell—a distance of eighty rods north of the crossing but it was their duty to continue to give the warning until they reached the crossing.* It is contended by the plaintiffs in this case that such warning was not given by either ringing the bell or sounding the whistle. If you so find from a preponderance of the evidence in this case, then, notwithstanding the fact that an efficient lookout was maintained by an employee, or the employees, upon the train, your verdict should be for the plaintiffs. But if you find that such warning was given, either by ringing the bell or sounding the whistle at the distance mentioned, and just prior to the injury complained of that an efficient lookout was maintained at the time and by the exercise of the degree of care mentioned to you in an instruction given to you, and the use of the means at the command of the engineer, the damage could not be avoided, your verdict should be for the defendants."

(1) The instruction was given by the court on its own motion, and the first draft of the court's instrution did not contain the words, "That it was not only the duty of the employees of the railway train to sound the whistle the distance—or ring the bell—a distance of eighty rods north of the crossing but it was their duty

to continue to give the warning until they reached the crossing.''

The language last above quoted was given at the appellant's instance, the court remarking that this clause "may be added to the instruction given." The effect of the appellant's request and of the court's ruling granting the same was to embody the language of the clause above quoted in the instruction given by the court.

Appellant further complains because the court refused to add to the above instruction, in effect, the following: That if the employees in charge of the railway train failed to sound the whistle or ring the bell a distance of eighty rods north of the crossing and to continue to give the warning until they reached the crossing, and thereby contributed to the injury, the verdict will be for the plaintiff.

Counsel argue "that it was useless to tell the jury that it was the duty of the defendant to give the signal a distance of eighty rods and to continue to give it until the crossing was reached if the failure to do so did not affect the liability of the defendant," and that therefore the court erred in not granting the prayer "that if they failed to do so and thereby contributed to the injury the verdict would be for the plaintiffs."

In *Prescott & N. W. Railway Co.* v. *Henley*, 124 Ark. 118, we said: "In this class of cases, contributing to the injury on the part of a tortfeasor is, in the eye of the law, precisely the same as causing it. No gradation is tolerable. * * * If the acts of negligence contribute to cause the injury, it was precisely the same, in legal effect, as saying, 'if they caused the injury.'" But, while this is true, the court did not commit prejudicial error in refusing to grant appellant's prayer containing the words "contributed to the injury" for the court plainly told the jury, in its instruction, that if appellee's employees failed to give the statutory signals their verdict should be for the plaintiffs. This was tantamount to telling the jury that if there was a failure to

give the signals as required by the statute, that this, under the circumstances, caused the injury. The instruction in this form certainly was as favorable to appellants as they had the right to ask, and they are not prejudiced by the ruling of the court in refusing their request, for if it had been granted it could not have made the instruction any stronger in appellants' favor.

(2) Under the instruction, if there was a failure to give the warning signals as required by the statute, the jury were not left to determine whether such failure contributed to, or caused the injury, but the court declared as a matter of law that if there was such failure the appellee railway company was liable. Surely appellants have no cause to complain of an instruction like that.

The judgment is therefore correct and it is affirmed.